IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JANSEN CONSTRUCTION COMPANY OF UTAH, an Oregon Corporation,<br><br>                Plaintiff,<br>vs.<br><br>GARY PATEL, an individual; and KUSUM ENTERPRISES, INC., a Utah Corporation,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:10CV342 DAK |

This matter is before the court on several motions filed by Defendants: (1) Motion to Set Aside Default Judgment; (2) Motion to Stay Execution of Default Judgment; (3) Motion to Quash Writ of Garnishment; and (4) Motion for Hearing. The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda.[1]  *See* DUCivR 7-1(f).

---

[1] Defendants are entitled to a hearing on the Motion to Quash Writ of Garnishment, but given the court's ruling on Defendants' Motion to Set Aside Default Judgment and the Motion to Stay Execution of Default Judgment, there does not appear to be any plausible basis for quashing the Writ of Garnishment, and therefore, a hearing would be entirely meaningless. If Defendants believe otherwise, they may renew their Motion to Quash the Writ of Garnishment, and the hearing will be set before a Magistrate Judge, but the rulings in this Order will not be reconsidered.

In September 2008, Plaintiff Jansen Construction Company ("Jansen") executed a contract (the "Contract") with Defendant Gary Patel ("Patel") to remodel and expand a hotel (the "Project") located in Provo, Utah, on property (the "Property") owned by Kusum Enterprises, Inc. ("Kusum"). Plaintiff completed the Project in August 2009. Despite attempts by Plaintiff to collect the amount due, Defendants Patel and Kusum ("jointly "Defendants"), failed and/or refused to pay Jansen.

In April 2010, Jansen filed a Complaint to seek payment for the amounts owed. Defendants failed to Answer the Complaint, and Jansen filed Motion for Entry of Default.[2] A Default Certificate was signed on May 20, 2010 and entered on May 24, 2010.[3] Jansen did not immediately seek Default Judgment because, as represented at a Status Conference on January 31, 2011, the parties had worked out a payment schedule and Defendants were making payments.[4] Jansen's counsel represented that Jansen would not seek Default Judgment as long as Defendants continued to make payments.

Defendants, however, failed to make all required payments, and on March 29, 2011, Jansen filed a Motion for Default Judgment and Decree of Foreclosure, along with various Declarations.[5] On March 31, 2011, the court entered Default Judgment and Decree of

---

[2] *See* Docket No. 7.

[3] *See* Docket No. 8.

[4] *See* Docket No. 10.

[5] *See* Docket Nos. 11-13

Foreclosure.[6]  Notice was sent to Defendants on the same day.[7]  Defendants did not respond to the Motion for Default Judgment or object to court's entry of Default Judgment.  On May 26, 2011, Jansen filed several applications for Writs of Garnishment, and the Writs were issued by the Clerk of Court.[8]  On June 2, 2011, over two months after Default Judgment was entered, Defendants filed a Motion to Set Aside Judgment, a Motion to Stay Enforcement of Default Judgment, and a "Request" for Hearing on the Writ of Garnishment.[9]

The primary basis for Defendants' motion appears to be that Defendants believe that Jansen sought and received a judgment amount that exceeds the amount prayed for in Plaintiff's Complaint by approximately $60,0000.  Jansen, however, accurately points out that the amount beyond the contract amount is interest on the debt, along with attorneys fees, all of which were sought in the Complaint.[10]

Defendants have failed to demonstrate any sufficient basis under Rule 60(b) of the Federal Rules of Civil Procedure to set aside the Default judgment.  Jansen did not include a new or additional claim in obtaining its judgment, and prejudgment interest is regularly included in a

---

[6] *See* Docket No. 14.

[7] *See* Docket No. 15.

[8] *See* Docket Nos. 16-19.

[9] *See* Docket Nos. 24, 26, 28.  Defendants again filed another Motion to Quash Writ of Garnishment on November 8, 2011, arguing that the court must quash the writ based on the court's failure to set a hearing on the original motion within fourteen days.  Defendants cite no law for such a proposition, and the court finds no merit in their argument.  Indeed, it would have made no sense to set a hearing within fourteen days because the related motion–upon which the motion to quash was based–would not have been briefed at that time.

[10] The Contract between Defendant Patel and Plaintiff Jansen Construction Company specifies an interest rate of 12% per annum.

judgment. Jansen's Complaint and Judgment properly requested interest on the amounts owed by Defendants. It is well established that courts may award pre-judgment interest (even on unjust enrichment claims) when the amounts owed are readily determinable mathematically. *See Kimball v. Kimball*, 217 P.3d 733, 751-52 (Utah Ct. App. 2009) (prejudgment interest may be awarded to compensate for actual loss when the amount is mathematically certain and does not result in a double recovery); *Shoreline Dev. v. Utah County*, 835 P.2d 207, 211 (Utah Ct. App. 1992) (finding that prejudgment interest may be sought on equitable claims).

Jansen concedes, however, that the interest rate on the Judgment against Kusum (but not Patel) should be modified to the statutory rate of 10% per annum from the date of the last payment to the date of entry of the Judgment because Kusum was not a party to the Contract.[11]

Defendants have also failed to show that Jansen obtained the Judgment by misrepresentation or by undue surprise. Next, Defendants contend that excusable neglect exists because Defendants contend they relied on alleged assurances by Jansen. Having carefully considered the memoranda and the declarations submitted in this case, the court finds no merit to Defendants' argument that excusable neglect exists.

Accordoingly, Defendants have not established any basis for setting aside the Default Judgment. In addition, the court finds that not only is there no basis for setting aside the Judgment, but that Defendants' attempt to do so is untimely, particularly given their lack of participation in this litigation.

---

[11] *See* Docket No. 32, Mem. in Opp'n at 14.

The court also concludes that the Motion to Stay Execution of the Judgment is moot. Far West Bank has been holding the garnished funds pending an order from this court, and the court now directs Far Western Bank to release the garnished funds to Plaintiff Jansen Construction Company.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1)  Defendants' Motion to Set Aside Default Judgment [Docket No. 24] is DENIED;

(2)  Defendants' Motion to Stay Execution of Default Judgment [Docket No. 26] is DENIED AS MOOT;

(3)  Defendants' "Request for Hearing Re; Writ of Garnishment" [Docket No. 28] is DENIED AS MOOT;

(4)  Defendants' Motion to Quash Writ of Garnishment [Docket NO. 38] is DENIED;

(5)  Defendants' Motion for Hearing [Docket NO. 41] is DENIED;

(6)  Plaintiff is directed to send a proposed Amended Default Judgment and Decree of Foreclosure (in Word or WordPerfect format) to the court at utdecf_kimball@utd.uscourts.gov; and

(7)  Far Western Bank is directed to release the garnished funds to Plaintiff Jansen Construction Company.

DATED this 9th day of February, 2012.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge